UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

           Petitioner,                          Case Number 16-13578
                                                     Honorable David M. Lawson

v.

J.A. TERRIS,

           Respondent,
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Benjamin P. Foreman is a federal prisoner presently confined at the Federal Correctional Institution in Milan, Michigan. He is serving a sentence imposed by the United States District Court for the Western District of Michigan following his guilty plea to drug and firearms offenses. Before the Court is his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. The petitioner asserts in his present petition that the Court should correct the record of proceedings to indicate that he is "no longer a career offender." The Court has completed a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, and concludes that the petition must be dismissed for several reasons outlined below. "Although [the] petitioner brought this petition under § 2241 and not § 2254, the rules governing § 2254 cases may be applied at the discretion of the district court judge in habeas petitions not brought under § 2254." *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (citing Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).")).

I.

This is not the first post-conviction challenge the petitioner has mounted against his convictions and sentences. His journey began when he pleaded guilty in the Western District of Michigan to possession with intent to distribute cocaine base, possession with intent to distribute cocaine, and possessing a firearm in furtherance of a drug trafficking crime under a plea agreement. He was sentenced to concurrent prison terms totaling 240 months on the drug convictions and a consecutive term of 60 months for the firearm offense. His appeal to the Sixth Circuit was dismissed because his plea agreement contained a waiver of his appeal rights. *United States v. Foreman*, No. 06-2192 (6th Cir. Sept. 6, 2007).

In 2008, the petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and that motion was denied by the district court. *Foreman v. United States*, No. 08-01115 (W.D. Mich. July 19, 2010). The Sixth Circuit denied a certificate of appealability *Foreman v. United States*, No. 10-2415 (6th Cir. June 3, 2011).

In 2010, the petitioner moved to withdraw his guilty plea on the firearm count. The trial court construed the motion as a second or successive motion to vacate and transferred the matter to the Sixth Circuit. *United States v. Foreman*, No. 06-00030 (W.D. Mich. Aug. 19, 2010). The petitioner appealed, but the Sixth Circuit dismissed his appeal for want of prosecution. *In re Foreman*, No. 10-2077 (6th Cir. Oct. 13, 2010).

The petitioner also filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the trial court's decision denying his motion to vacate sentence, which was denied in part and transferred to the Sixth Circuit as a second or successive motion to vacate sentence. *Foreman v. United States*, No. 08-01115 (W.D. Mich. Oct. 18, 2010). The Sixth Circuit remanded the case

for consideration of all of Petitioner's claims. *In re Foreman*, No. 10-2370 (6th Cir. Nov. 1, 2011). On remand, the trial court denied relief on the remaining claims. *Foreman v. United States*, No. 08-01115 (W.D. Mich. Aug. 14, 2012). The Sixth Circuit thereafter denied a certificate of appealability. *Foreman v. United States*, No. 12-2202 (6th Cir. March 13, 2013).

The petitioner subsequently filed five more habeas petitions in federal court, all of which summarily were dismissed. *Foreman v. Terris*, No. 15-13764 (E.D. Mich. Oct. 29, 2015); *Foreman v. Terris*, No. 14-14925 (E.D. Mich. April 27, 2015); *Foreman v. Terris*, No. 14-13336 (E.D. Mich. Sept. 17, 2014); *Foreman v. Terris*, No. 13-12154 (E.D. Mich. July 12, 2013); *Foreman v. Terris*, No. 13-10734 (E.D. Mich. March 20, 2013). The Sixth Circuit also denied authorization for the petitioner to proceed on a second or successive motion to vacate sentence under § 2255. *In re Foreman*, No. 14-1478 (6th Cir. Oct. 27, 2014).

The present petition is yet another rerun of claims and arguments previously raised, and previously dismissed by this Court. Once again, and for the same reasons already explained by this and other courts of this district, the petition must be denied.

When a petition for a writ of habeas corpus is filed, the district court "must promptly examine it . . . [and] dismiss [it] [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254; *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970). As the Court previously and repeatedly has explained, there are several reasons why the petitioner is not entitled to relief.

*First*, section 2241 is not the appropriate statute for seeking relief on the petitioner's claims that he is in custody under a "void" judgment, or that he is "actually innocent" of being a career offender. As the Sixth Circuit has explained, section 2241 only may be used by a federal prisoner to challenge the execution of his sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A motion to vacate sentence under 28 U.S.C. § 2255 is the proper avenue for raising a claim that a sentence was imposed in violation of the federal constitution or laws. *Ibid.* There is an exception to this general rule, but it is narrow and only allows a challenge to a sentence under section 2241 if it appears that the remedy afforded by 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *See Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). The petitioner has not shown — or even alleged — that section 2255 is inadequate to provide relief on the grounds alleged here. That is the petitioner's burden to carry. The mere fact that a prior motion to vacate sentence may have proven unsuccessful does not satisfy that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Denial of a previous section 2255 motion or a procedural bar against bringing one does not suffice, either. *Wooten,* 677 F.3d at 303; *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

*Second*, even if the Court were to consider the merits of the claim, the petition fails. In his present petition, the petitioner once again raises the claim that he is being held in federal custody under a judgment that is void. In this latest variant of the petitioner's several attempts to collaterally attack his conviction and sentence, he has styled his petition as a request for the Court to "correct the presentence report to indicate that he is no longer a career offender." But the petitioner does not allege that the judgment of conviction under which he presently is held has been vacated or amended, and any indication in the PSR that the petitioner was sentenced as a career offender

therefore correctly reflects the nature of his status at sentencing. The "correction" of the PSR that the petitioner seeks necessarily would require the Court first to vacate the judgment of conviction by which his sentence was imposed, and that is not relief that the petitioner can obtain via section 2241. All of the arguments that the petitioner advances to support his claim that the judgment is "void" were discussed and summarily rejected by the district court in *Foreman v. Terris*, No. 15-13764 (E.D. Mich. Oct. 29, 2015), and they need not be addressed again here.

*Third*, the petitioner's claim that he is "actually innocent" of a sentencing enhancement is not a sufficient basis to allow him to proceed under § 2241. The Sixth Circuit has not extended the actual innocence exception to petitioners challenging only their sentence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *see also Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (citing *Peterman*); *Woods v. Coakley*, No. 13-1388, 2013 WL 3818163, *4-5 (N.D. Ohio July 22, 2013); *Ross v. Zuercher*, No. 09-152, 2010 WL 568528, *2 (E.D. Ky. Feb. 12, 2010) (dismissing § 2241 petition raising sentencing challenge); *accord Sorrell v. Bledsoe*, No. 10-1649, 2011 WL 2728287, *2 (3d Cir. July 14, 2011) (dismissing § 2241 petition seeking sentencing relief under Supreme Court law). This Court is bound by the controlling Sixth Circuit decisions on point. The petitioner is not allowed to proceed under § 2241 rather than § 2255 to pursue the challenge to his sentence posed by the present petition. Therefore it must be dismissed.

### III.

The Court concludes that there is no merit to the petition. It is subject to summary dismissal under Rule 4 of the Rules Governing § 2254 Cases. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under section 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), the petitioner need not apply for one with this Court.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the government's motion to dismiss [dkt. #5] is **DISMISSED** as moot.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   January 6, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 6, 2017.

s/Susan Pinkowski  
SUSAN PINKOWSKI